UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------

KENTON GRAHAM, pro se

                Plaintiff,

        -against-

 NEW YORK CITY DEPARTMENT OF EDUCATION,
and DAVID BANKS, CHANCELLOR OF NEW YORK
CITY DEPARTMENT OF EDUCATION

                Defendant,

RECEIVED
SDNY PRO SE OFFICE

2024 APR 23  PM 12: 40

Index No.

**COMPLAINT**

**[JURY TRIAL DEMANDED]**

------------------------------------------------------------------------

Plaintiff  KENTON GRAHAM, *pro se,* as and for his Complaint, respectfully alleges as follows:

1.     Plaintiff commenced this complaint on the basis of a recent discovery, dated February 9, 2023, that revealed that he was "tenured" when he was terminated on September 7, 2022.  Plaintiff asserted that he was deprived of his due process rights guaranteed under 42 U.S.C. § 1983, and that his termination was fraudulent and an error of law.  Plaintiff should not have been terminated on September 7, 2022 as he was tenured on that date and entitled to the process afforded to tenure teachers under N.Y Education law 3020-a before he can be discontinued.  A copy of the employment verification stating that he is "tenured"is attached as *Exhibit A.*

2.     Plaintiff's termination resulted from his former employer New York City Department of Education's ("NYCDOE") decision to deny his certification of completion of probation as a mathematics teacher, effective on September 7, 2022.  Plaintiff was not given proper 60 days notice.  A copy of the discontinuance letter received by Plaintiff is attached as

1

*Exhibit B*. To aid in their improper and fraudulent termination of the Plaintiff, Defendants issued wrongful, inaccurate, and irrational performance ratings and multiple false and unwarranted disciplinary letters as their rationale for denying the Plaintiff's certification of completion of probation. Also, Defendants fraudulently withheld money from the Plaintiff that he is contractually entitled to.

### The Parties

3.    Plaintiff KENTON GRAHAM is a resident of Richmond County and the State of New York. Plaintiff was employed as a math teacher with NYCDOE from September 7, 2018 to September 7, 2022.

4.    Respondent NEW YORK CITY DEPARTMENT OF EDUCATION is a duly authorized and existing agency or corporation of the municipality of the City of New York, charged with educating the children of the citizens of New York City.

### Jurisdiction

5.    This Court has subject-matter jurisdiction pursuant to 28 U.S. Code §§ 1331 and 1343.

### Venue

6.    Venue is based in New York County, New York pursuant to 28 U.S. Code § 1391 because it is where the headquarters of the NYCDOE is located.

### Statement of Facts

7.    Plaintiff was employed as a probationary math teacher from September 7, 2018 to September 7, 2022 at Brooklyn High School for Law and Technology in the New York City Department of Education (NYCDOE), within District 16 in Brooklyn, New York.   Plaintiff's principal at the school was Vernon Johnson.

2

8.      Plaintiff received a letter from Brooklyn North High School Superintendent, Janice Ross, dated July 29, 2022, advising him that his service under his current appointment shall terminate as of the close of 60 business days from the date of the letter (i.e., July 29, 2022) or by Plaintiff's probationary completion date (September 7, 2022), whichever occurred first. See *Exhibit B previously referenced.* Plaintiff was not given 60 business days notice before his probationary completion date.

9.      Plaintiff was improperly terminated from the NYCDOE because he was fired from his math teaching position after acquiring tenure by operation of law. Plaintiff's termination became effective on September 7, 2022, his fourth year employment anniversary date and the date that he obtained tenure. This is evident from an employment verification conducted by the NYCDOE on February 9, 2023, which acknowledged in writing he had "tenure". A copy of this document is annexed as *Exhibit A.* Defendant fired Plaintiff without affording him his due process rights safeguarded under 42 U.S.C. § 1983.

10.     It has been well settled by courts and state laws that teachers employed on or after July 1, 2015 must serve a probationary period of four years and then obtain tenure. Plaintiff was employed with the NYCDOE for exactly four years and a day without any break or lapse in employment. *See Exhibit A.*

11.     Plaintiff was terminated after his probation ended and he obtained tenure. See General Construction Law (GCL) § 58. Defendants had until ,the earliest, the close of business on September 6, 2022 or ,at the latest, at midnight on September 6, 2022, the last day of the Plaintiff's probationary period, to discontinue his completion of probation period but failed to do so. *See GCL* §§ 19, and 20. Instead, Defendants terminated the Plaintiff's employment on

September 7, 2022, the day that his probation sunset and tenure accrued. Defendant rightfully bestowed tenure upon the Plaintiff on September 7, 2022 and then turned around and fired him on that very same day. *See* **Exhibit A**. The issue facing this court is whether Defendant's action violated 42 U.S.C. § 1983 and arbitrary, capricious and an abuse of discretion when it terminated Plaintiff's employment and deprived him of his due process rights safeguarded under N.Y. Educ. Law § 3020-a.

12. The NYCDOE's decision to terminate the Plaintiff's completion of probation period was arbitrary and capricious since the Defendants violated lawful procedures and abused their discretion when they terminated him on September 7, 2022, without affording him a tenure hearing. The NYCDOE had the right to fire Plaintiff as a probationary employee at any time before September 7, 2022 when he was still a probationary employee, but chose not to do so until September 7, 2022 after his probation period ended, and he acquired tenure.

13. Based on the merits of the law and on the NYCDOE's own employment verification record, the Plaintiff was tenured when his employment as a math teacher with the NYCDOE was wrongfully terminated on September 7, 2022 and as a result, he was deprived of his due process rights.

## <u>COUNT 1</u>

(Violation of 42 U.S.C. § 1983)

14. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein

15. Defendants at all times relevant to this action were acting under color of state law.

16. Defendants New York City Department of Education, and David Banks, Chancellor of New York City Department of Education unlawfully deprived Plaintiff of his

4

protected property or liberty interest without due process of law in violation of New York State Education Law § 3020(a).

17. Defendants New York City Department of Education, and David Banks made an arbitrary and capricious decision to discontinue Plaintiff's certification of completion of probation after his probationary period concluded, and he was tenured without affording him a tenure hearing, a violation of New York Education Law 3020(a), and depriving him of his property interest as incorporated and applied to the states by way of the Fourteenth Amendment to the Constitution of the United States.

18. Defendant's failure to follow their own policies and state laws were a direct and proximate cause of the constitutional deprivation suffered by the Plaintiff.

## COUNT II

(Violation of General Construction Law §§ 19 and 20)

19. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein

20. Defendants intentionally terminated the Plaintiff's employment on his employment anniversary date and the date that he acquired tenure by operation of law.

21. Pursuant to GCL §§ 19 and 20, Plaintiff's probation period ended at the earliest at the close of business on September 6, 2022 or, at the latest ,midnight, on September 6, 2022.

## COUNT III

(Violation of General Construction Law § 58)

22. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein

23. Plaintiff was hired and started teaching math for the Defendants on September 7, 2018.

24. On or about August 10, 2022, Plaintiff received a letter from Brooklyn North High School Superintendent dated July 29, 2022, advising him that his service under his current appointment shall terminate as of the close of 60 business days from the date of the letter (i.e., July 29, 2022) or by Plaintiff's probationary completion date (September 7, 2022), whichever occurred first. *See Exhibit B;* he was not given 60 business days notice before his probationary completion date.

25. Plaintiff's termination became effective on September 7, 2022 after his probationary term ended and not during or on the last day of his probationary term.

26. Plaintiff was serving his last year of probation, which was scheduled to end 12 months from his start date of September 7, 2018. Plaintiff was appointed as of September 7, 2018 and, thus, his last year of being on probationary continued until September 6, 2022. Plaintiff's termination on September 7, 2022 was fraudulent, improper and untimely.

27. Defendants rightfully bestowed tenure upon Plaintiff on September 7, 2022 and then turned around and fired him on that very same day.

28. The Plaintiff was improperly terminated because he was fired from his math teaching position after acquiring tenured and can only be terminated for cause.

29. The Superintendent's decision to discontinue Plaintiff's completion of probation effective September 7, 2022 was an error of law because he was not discontinued during his probationary period.

## COUNT IV

(Violation of N.Y. Educ. Law § 3012(a)[ii] )

30. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein

31. Pursuant to Section 3012(a)[ii], teachers hired on or after July 1, 2015, must serve a probation period of four years. The Plaintiff was employed by the NYCDOE for exactly four years and a day. Plaintiff was to serve an eighth term probation requirement. *See Exhibit C.*

32. Plaintiff was terminated after he satisfied his probation requirement at the end of the 2021-2022 school year since a school year commences in early September and ends in late June, *see Exhibit A*. A school year consists of two terms. Term one (1) starts in early September and ends in late January, and term two (2) starts in late January and concludes in late June; so Plaintiff would have completed his eight term probation requirement at the end of the 2021-2022 school year. *See Exhibit A and Exhibit C.*

33. Plaintiff completed his probation requirement and was entitled to tenure at the end of his probationary term on September 6, 2022. The Superintendent's decision to discontinue Plaintiff's completion of probation effective September 7, 2022 was an error of law because he was not discontinued during his probationary period.

## COUNT V

### (Violation of N.Y. Educ. Law § 3012-C)

34. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein

35. Pursuant to Section 3012-C of Education Law, Defendants deliberately and intentionally failed and refused to adhere to the proper procedures in reviewing Plaintiff's work performance and instead, issued false, inappropriate, and wrongful performance evaluations and ratings and used them to bolster support for their illegal and improper termination of the Plaintiff.

36. As a result of the false evaluations, improper termination and the violations of Education Law 3012-C, Plaintiff had suffered and will continue to suffer personal and professional injury, including lost wages, and ineligibility to be granted tenure and/or be promoted within the professional structure of the NYCDOE, the Civil Service structure, and the collective bargaining agreement, including being considered for tenure.

## COUNT VI

### (Violation of N.Y. Educ. Law § 3012-D)

37. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein

38. Pursuant to Section 3012-D of N.Y Education Law, Defendants deliberately and intentionally failed and refused to adhere to the proper procedures in reviewing Plaintiff's work performance and instead, issued false, inappropriate, and wrongful performance evaluations and ratings and used them to bolster support for their illegal and improper termination of the Plaintiff.

39. As a result of the false evaluations, improper termination and the violations of Education Law 3012-C, Plaintiff had suffered and will continue to suffer personal and professional injury, including lost wages, and ineligibility to be granted tenure and/or be promoted within the professional structure of the DOE, the Civil Service structure, and the collective bargaining agreement, including being considered for tenure.

## COUNT VII

### (Defendants refused to compensate the Plaintiff for the late Notice)

40. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein

41. On or about August 10, 2022, Plaintiff received a letter from Brooklyn North High School Superintendent advising him that his service under his current appointment shall

8

terminate as of the close of 60 business days from the date of the letter (i.e., July 29, 2022) or by September 7, 2022, whichever occurred first.

42.    Plaintiff was not given a timely 60 day notice. The remedy for noncompliance with this notice provision is "one day's pay for each day the notice was late.

43.    Defendants refused to pay plaintiff for each day that the notice was late.

## COUNT VIII

### (Defendants fraudulently withheld money contractually due to Plaintiff )

44.    Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

45    Plaintiff was employed with the NYCDOE up until his illegal termination on September 7, 2022 and was contractually entitled to payment from September 1-September 6, 2022; however, the NYCDOE did not compensate him for the six days that he was entitled to. This payment was earned money and belongs to him, but the NYCDOE fraudulently and intentionally withheld this money from him. Plaintiff was not compensated for any day in September 2022.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter Judgment and an Order as follows:

46.    Declaring that Defendant NYCDOE violated 42 U.S.C. § 1983 by depriving Plaintiff Kenton Graham of his tenure position and property or liberty interest.

47.    Declaring that Defendant NYCDOE violated General Construction Law § 20 by fraudulently, wrongfully and improperly discontinuing Plaintiff Kenton Graham;

48.    Declaring that Defendant NYCDOE violated General Construction Law § 58 by

fraudulently, wrongfully and improperly discontinuing Plaintiff Kenton Graham;

49. Declaring that Defendant NYCDOE violated Section 3012-C and Section 3012-D of the NewYork State Education Law by unfairly rating, evaluating, and discontinuing Plaintiff Kenton Graham;

50. Declaring that Defendant NYCDOE violated Section **2573[1][a]** of the NewYork State Education Law by unfairly and fraudulently depriving Plaintiff Kenton Graham of monetary payments due to him.

51. Declaring that Defendant NYCDOE illegally withheld earned money (September 1 to September 6) from Plaintiff Kenton Graham.

52. Granting Plaintiff tenure

53. Reinstating Plaintiff to the position of Mathematics Teacher with full retroactive benefits, seniority, back pay, and

54. Reinstating Plaintiff to the position of Mathematics Teacher and awarding any further damages to make Plaintiff whole.

55. Annulling the decision to discontinue Plaintiff;

56. Annulling the decision to deny Plaintiff tenure;

57. Awarding attorneys' fees, expenses, and costs.

58. Awarding such other further relief as is just and proper.

Dated: April 23, 2024
New York, New York

By:_____
KENTON GRAHAM, pro se
568A Buchanan Avenue
Staten Island, NY 10314
(847) 912-1080
ken10gra@gmail.com

10

# EXHIBIT A



# THE NEW YORK CITY DEPARTMENT OF EDUCATION

## 65 Court Street, Brooklyn, NY - 11201 • Employment Verification

**To:** NYSED/ Certification:Office of Teaching Initiatives

Enclosed, please find attached the employment verification report that was requested from the Verification Unit.

- The NYC Department of Education (DOE) issues reports as a replacement for completing third-party forms.
  The report contains a list of what you requested.

- If the employee worked under multiple titles within the NYC DOE, please note that the attached report may not be reflective of their entire work history  f you require further verification for the same employee who may have DOE service under a different title or verification for an employee who is not on a teacher-line title, please visit the below page to **submit an additional, separate** Employment Verification request.
  https://infohub.nyced.org/resources/employee-info/employment-verification
  Determine the employee's population using the table shown. Once identified, click the link in the "Employee Population" column to learn where to submit your request. This will include work performed per session (i.e. Summer School Instruction, After School work, etc ).

- Teacher and teacher-line employees work 10 months per year, and are paid for 12 months. Principals work 12 months per year.  n addition, there are 24 paychecks for this population in a year and they typically work 35 hours per week.

- The Verification Unit can only verify the full-time service and wages of New York City Department of Education teachers and teacher-line employees (school guidance counselors, school psychologists, school social workers, school secretaries).

- Future paycheck amounts are not available.

- The school year runs from early September for the coming year through late June, consisting of approximately 185-195 days

- Appointed teachers are annual, salaried teachers assigned to a full-time position (with full benefits).

- Tenure is contingent upon completion of probation and meeting all requirements for the license.

- Regular substitute teachers are annual salaried fulltime substitute teachers assigned to fulltime teacher positions.

- Reported income on W-2s may not match with the Year-to-date information found on this report. If you need further assistance, please contact HR Connect at (718) 935-4000.

- There will not be any listing in the Quarterly Earning table if an employee has not completed a full quarter of work.

- Financial information on this report is calculated from July 1 through June 30.

If you have any further questions, please contact HR Connect at (718) 935-4000 for assistance.

Sincerely,

HR Connect Verification Unit



# THE NEW YORK CITY DEPARTMENT OF EDUCATION
## 65 Court Street, Brooklyn, NY - 11201
### Employment Verification

February 9, 2023

NYSED: Office of Teaching Initiatives
NYSED: Office of Teaching Initiatives
89 Washington Avenue Suite 5N-EB
Albany, NY-12234

### Verification of Employment

This letter is in response to a recent request made concerning the verification of service history for a New York City Department of Education (DOE) employee. The information contained in this report is current as of February 9, 2023.

## Employee Identification

| | |
|---|---|
| Employee Name | KENTON D GRAHAM |
| Employee's Address | 568A BUCHANAN AVE,STATEN ISLAND,NY-10314 |
| Employee ID | 0440147 |
| EIS ID | 0821920 |
| SSN (Last 4 digits) | 7859 |

## Employment Details (Most Recent)

| | |
|---|---|
| Employee Status | SEPARATED |
| Start Date of most recent Title | 09/07/2018 |
| Original Hire Date | 09/07/2018 |
| Termination Date | 9/7/2022 |
| Reason for Termination | INVOLUNTARY |
| Current Title | TRTRQ-TEACHER |
| Tenure | YES |
| Tenure Date | 9/7/2022 |
| Pay Cycle | SEMI-MONTHLY |
| Hours per Week | 35 |
| Work Location | 16K498 - BROOKLYN HIGH SCHOOL FOR LAW AND TECHNOLOGY |
| Full/Part-Time | FULL-TIME |
| 10-month/12-month Employee | 10 |
| Completed Probation | YES |
| Probation Date | 9/7/2022 |



# THE NEW YORK CITY DEPARTMENT OF EDUCATION

## 65 Court Street, Brooklyn, NY - 11201

### Employment Verification

## Service History

| Start Date | End Date | Job Title | Position (Status) | Location | License | State Certification | Subject(s) Taught | Grades in School | School Type | Is Current |
|---|---|---|---|---|---|---|---|---|---|---|
| 09/07/2022 | | TEACHER | PROBATIONARY DISCONTINUANCE | BROOKLYN HIGH SCHOOL FOR LAW AND TECHNOLOGY | MATHEMATICS | MATHEMATICS 7-12 | MATH | 09,10,11,12 | HIGH SCHOOL | Yes |
| 09/07/2018 | 09/06/2022 | TEACHER | APPT FROM LIST OF PROSPECTIVE APPOINTEES | BROOKLYN HIGH SCHOOL FOR LAW AND TECHNOLOGY | MATHEMATICS | MATHEMATICS 7-12 | MATH | 09,10,11,12 | HIGH SCHOOL | |

## Days Worked Summary

| Year | Days Worked | Days In School Year |
|---|---|---|
| 2023 | 1 | 206 |
| 2022 | 177 | 184 |
| 2021 | 179 | 186 |
| 2020 | 187 | 188 |
| 2019 | 176 | 188 |

Processed by:

*Rosario Pelaez*

Rosario Pelaez

02/09/2023

Date processed:

Case 1:24-cv-03149-LTS    Document 1    Filed 04/23/24    Page 14 of 19

Case 1:24-cv-03149-LTS    Document 1    Filed 04/23/24    Page 15 of 19



**Department of
Education**

# THE NEW YORK CITY DEPARTMENT OF EDUCATION

## 65 Court Street, Brooklyn, NY - 11201

### Employment Verification

**Verification Unit**

New York City Department of Education
Division of Human Resources
*Service, Support and Solutions*

# EXHIBIT B



**Department of
Education**
Chancellor David C. Banks

Janice Ross
Superintendent of Brooklyn North High Schools
1396 Broadway, Brooklyn, NY 11221
Tel. 718-455-4635, Fax. 718-455-4684

## DENIAL OF COMPLETION OF PROBATION LETTER

Date: 7/29/2022

**VIA CERTIFIED AND REGULAR MAIL**

**RETURN RECEIPT REQUESTED**

Employee Name: KENTON GRAHAM

HS ID: 0821920

Probation Completion Date: Sep 7, 2022

District: 16          Boro/School: K408

Dear Mr. KENTON GRAHAM

This is to inform you that in accordance with Section 2573 Subdivision 1 of the State Education Law; I am denying your Certification of Completion of Probation with the New York City Department of Education

Under the Collective Bargaining Agreement between the Department of Education and the United Federation of Teachers, you are entitled to the review procedures as prescribed in Article 4, Section 4.3.2 C of the Bylaws of the Department of Education.

Please be advised that your service under this appointment shall terminate as of the close of business **60 days from the date of this letter or the probation completion date listed above, whichever occurs first.**

Sincerely,

Janice Ross

Janice Ross
Superintendent

CC:      Principal

CHH Human Resources Director

Office of Appeals and Review

Office of Teacher Records

Office of Field Services

# EXHIBIT C

Ken Graham <ken10gra@gmail.com>

**|—◀ Gmail**

## Requesting completion of probation date
2 messages

**Ken Graham** <ken10gra@gmail.com>                                    Tue, May 24, 2022 at 4:05 PM
To: OFIS@schools.nyc.gov

Good evening:
I am requesting my tenure and completion of probation date.  My name is Kenton Graham, a teacher at Brooklyn high school for Law and Technology, having file # 0821920.
Thanks,

Mr. Graham

**OFIS** <OFIS@schools.nyc.gov>                                        Wed, May 25, 2022 at 3:38 PM
To: Ken Graham <ken10gra@gmail.com>, OFIS <OFIS@schools.nyc.gov>

Good Afternoon Mr. Graham,

Thank you for your inquiry.

According to the probation data information, the **expected completion of probation** under license Mathematics is 09/07/2022.

Teachers are required to **hold a permanent/professional state credential before they can obtain tenure.** Our records show you currently hold an Initial Certificate issued by the state. I would recommend reaching out to your school BCO Human Resource Director or school secretary regarding applying for a Professional Certificate and obtaining tenure.

| **Kenton Graham** | Employee | | **Empl ID** 0440147 |
|---|---|---|---|
| | **License**  628B  Mathematics | **Probation Status** | Probation Not Complete |
| | | **Expected End Date** | 09/07/2022 |
| | | **Probation Requirement** | 8  Terms |

I hope this information proves useful. If you have any additional questions, please respond directly to this email.

Thank you and have a great day!

[Quoted text hidden]